{¶ 27} I believe that Connecticut law applies in this case. Entex Information Services is a Delaware corporation headquartered in New York City. The Hartford is a Connecticut corporation. The Hartford and Entex entered into the policy in Connecticut. Entex neither owns nor garages cars in Ohio, although it does do business in this state as well as many others. John McDonald was not acting in the course and scope of his employment at the time of the accident. Since Connecticut was the place of contracting and the place of performance, I see no viable argument that Ohio law would apply. The only possible reason for applying Ohio law, indeed McDonald's sole rationale for applying Ohio law, was the existence of Scott-Pontzer. Now that Scott-Pontzer has been limited to the point of rendering it a non-factor in insurance law, McDonald's basis for applying Ohio law as the choice of law has evaporated. As for the application of Connecticut law, I believe that despite Connecticut law's seeming similarity with Scott-Pontzer, the Connecticut Supreme Court would not apply the law of that state to provide coverage in a manner consistent with Scott-Pontzer. In both Ceci and Hansen, the Connecticut Supreme Court found ambiguity in the use of family member language, particularly since those seeking coverage were family members of closely-held corporations who believed that their policies covered them as individuals. The ambiguity thus existed because of the family member wording of the definition of an insured.
 {¶ 28} The Agnosto decision presents a more difficult comparison. Agnosto worked for the state police — not a closely-held corporation. Nevertheless, the Connecticut Supreme Court continued to adhere to its finding that the family member language in the policy created an ambiguity, just as that same language created an ambiguity inCeci and Hansen. And in a somewhat vague reference, the Connecticut Supreme Court hinted that contract principles relating to third party beneficiaries had a bearing on its decision, although exactly what bearing it had is not at all clear. A reference to the third party beneficiary's expectations would imply that the police officer believed that he was covered by the state's policy, perhaps in a manner akin to those owners of closely-held companies in Hansen and Ceci. Supposing that to be the actual basis for the court's decision in Agnosto would be consistent with the prior holdings insofar as they could be premised on the claimants' belief that they had been named insureds under the family member language of their respective policies. Moreover, it is consistent with Connecticut precedent that calls for insurance policies to be "construed from the perspective of a reasonable layperson in the position of the purchaser of the policy." Ceci, 225 Conn. at 168.
 {¶ 29} This interpretation of Agnosto does not help McDonald. Nothing in the record shows that at the time Entex and The Hartford manifested any subjective belief that they would be insuring all of Entex's employees who happened to be driving their own vehicles outside the scope of employment. Nor does McDonald bring to light any facts that would suggest that he had any subjective belief at the time of contracting that he would be covered under the policy. McDonald's position would require us to interpret Connecticut law in a manner that would extend the Connecticut Supreme Court's holdings far beyond their stated basis.
 {¶ 30} I would find that Connecticut law would not provide coverage to McDonald and that the court did not err by granting summary judgment. Of course, even if Ohio law did apply, we could summarily reverse the court based on Galatis.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.